# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FIRST MARINER BANK,** | * |
| Plaintiff | * |
| v. | * CIVIL No. 13-cv-3930-JKB |
| **UNITED SECURITY FINANCIAL CORP.** | * |
| Defendants | * |

## MEMORANDUM

First Mariner Bank ("FMB" or "Plaintiff") brought this suit against United Security Financial Corp. ("USF" or "Defendant") alleging breach of contract, unjust enrichment, and detrimental reliance with regard to the sale of residential mortgage loans by Plaintiff to Defendant. Now pending before the Court is Defendant's motion to dismiss, stay proceedings, or transfer venue. (ECF No. 7.) The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, the motion will be granted and the matter will be transferred to the United States District Court for the District of Utah.

## I. BACKGROUND[1]

Since 2011, Plaintiff has sold numerous residential mortgage loans to Defendant. (ECF No. 1, Complaint, at ¶¶ 1, 6.) However, between December 27, 2011 and June 11, 2013, Defendant failed to pay a total of $766,896.39 due to Plaintiff for the loans it purchased. (*Id.* at ¶¶ 11-13.)

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

On December 31, 2013, Plaintiff filed the present action. (*Id*.) Defendant now moves to dismiss the case, stay proceedings, or transfer the case to the U.S. District Court for the District of Utah. (ECF No. 7.)

## II. ANALYSIS

The basis for Defendant's motion is that on December 20, 2013, eleven days before Plaintiff filed the instant case, Defendant filed a lawsuit (the "Utah suit") against Plaintiff in the District Court of the Third Judicial District of the State of Utah in Salt Lake County alleging breach of contract with regard to a mortgage loan sold by Plaintiff to Defendant (the "Ulino Loan").[2] (ECF No. 7-1 at 2.) As a result, Defendant argues that the present case should be dismissed or stayed as a duplicative lawsuit or, in the alternative, transferred to the United States District Court for the District of Utah so that it can be consolidated with Defendant's pending lawsuit. (*Id*. at 3-5 and 5-6.)

The Court does not find that the present case merits dismissal as an action that is "duplicative" of the Utah Suit. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle [governing abstention] is to avoid duplicative litigation.") Indeed, each suit advances distinct claims.[3]

However, as both parties agree, the cases share common questions of law and fact. (*See* ECF No. 10 at 10-11 ("To the extent that USF's Motion to Dismiss, Transfer or Stay is denied, First Mariner intends to seek the transfer of the Utah Litigation to this Court for consolidation

---

[2] On January 31, 2013, Plaintiffs removed Defendant's lawsuit to the United States District Court for the District of Utah, where it was assigned case number 2:14-cv-00066-PMW. (ECF No, 7-1 at 3.)

[3] The Court so finds whether it adopts the "substantially similar" test that Defendant advances, *see Fisher v. Rite Aid Corp.*, Civ. No. RDB-09-1909, 2010 WL 2332101 at *2-*3 (D. Md. June 8, 2010) or the "mirror-image" rule that Plaintiff advocates for, *see First National Mortgage Corp. v. FIFI Madison, LLC*, 219 F. Supp. 2d 669, 672-73 (D Md. 2002).

with the Maryland Litigation.") The Court therefore believes that transfer to the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1404(a), is appropriate.[4]

In deciding whether to transfer a case, a trial judge must consider a number of factors including: "the private interest of the litigants, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (2000) (quoting *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501 (1947)).

Here, the Court concludes that Defendant has met its burden of showing that the case should be transferred to the United States District Court for the District of Utah. Each party claims that its preferred forum would best serve the convenience of the parties and witnesses—USF and its witnesses are located in Utah (ECF No. 13 at 10) while FMB and its witnesses are located in Maryland (ECF No. 10 at 10.) The convenience of the parties and their witnesses is therefore in equipoise. However, another significant factor is the interest of justice in avoiding duplicative litigation—or, stated differently, the Court's interest in "the conservation of judicial resources and comprehensive disposition of litigation." *Cronos Containers*, 121 F. Supp. 2d at 466 (quoting *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Given that these two cases share common questions of law and fact, transfer of this case to the District of Utah will permit that Court to consolidate the two actions and treat them as

---

[4] The statute provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court notes that Plaintiffs do not dispute that the District of Utah is a "district . . . where [the present action] might have been brought." (ECF No. 10 at 9-11.)

one. Thus, transfer would serve the interest of justice by making the adjudication of this case "easy, expeditious and inexpensive." *Cronos Containers*, 121 F. Supp. 2d at 465.

Further, the Court acknowledges that, ordinarily, a plaintiff is entitled to its choice of forum. However, here, Defendant had already exercised that choice when it filed the Utah Suit—eleven days before Plaintiff filed the instant case.[5] Additionally, an examination of the Utah Suit's docket suggests that, at this stage, the Utah Suit has been more actively litigated than this case. Therefore, this Court will give the United States District Court for the District of Utah priority as the forum in which an action arising out of the same nucleus of facts as the present action was first filed. *See Cronos Containers,* 121 F. Supp. 2d at 465.

Thus, for all the reasons stated, this Court concludes that transfer to the District of Utah, pursuant to § 1404(a), is appropriate and Defendant's motion is granted (ECF No. 7).

Dated this 24th day of April, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[5] Defendant initially filed the Utah Suit in the District Court of the Third Judicial District of the State of Utah in Salt Lake County before Plaintiff removed it to the United States District Court for the District of Utah.